## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                )
In re John E. Hoover, III, Debtor          )
                                                )
   JOHN E. HOOVER, III and         )
   DAVID G. BAKER                   )
           Appellants,   )     **Civ.  Act. No.  14-40142-TSH**
                                                )
   v.                               )
                                                )     **Bankruptcy Chapter 7**
   WILLIAM K. HARRINGTON            )     **Case No. 14-40478-MSH**
   UNITED STATES TRUSTEE            )
   FOR REGION 1,                    )
                                                )
           Appellee.     )
_____ )

### MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT

### August 27, 2015

**HILLMAN, D.J.**

     Debtor John E. Hoover, III and Attorney David G. Baker ("Appellants") appeal an order

of the United States Bankruptcy Court for the District of Massachusetts sanctioning Attorney

Baker under Fed. R. Bankr. P. 9011. For the following reasons, the order of the Bankruptcy

Court is ***affirmed***.

### Background

     Debtor John E. Hoover, III ("Hoover") owns Halloween Costume World, a costume

business. On March 15, 2014, Hoover filed a voluntary petition for bankruptcy relief under

Chapter 11 of the U.S. Bankruptcy Code. *See* Voluntary Petition, Bankr. Case No. 14-40478,

Docket Entry No. 1 (hereinafter "Bankruptcy Court Docket, Entry No. _").

     On June 2, 2014, U.S. Bankruptcy Court Judge Melvin Hoffman ordered Hoover's

counsel, Attorney David Baker, to show cause why he should not be sanctioned for violating

Rule 9011(b)(2) in two filings in the bankruptcy proceedings. *See* Show Cause Order, Bankruptcy Court Docket, Entry No. 84. Following the show-cause hearing, Judge Hoffman found that Baker violated Rule 9011(b)(2) by: (1) misstating a prevailing legal standard in the debtor's motion for sanctions against Bank of America; and (2) misquoting a statutory definition of "cash collateral" in the debtor's objection to the U.S. Trustee's motion to convert or dismiss the case. *See* Sanctions Order, Bankruptcy Court Docket, Entry No. 148. Specifically, Judge Hoffman found that Baker's representations "crossed the line separating good faith legal argument from the flagrantly improper." *Id.* at 5. Observing that Baker had been subject to Rule 9011 sanctions before for similar misconduct, and that Baker had not been deterred by monetary fines, Judge Hoffman ordered Baker to "enroll in and attend in person (not online) a one semester, minimum three-credit hour class on legal ethics or professional responsibility in an ABA accredited law school." *Id.* at 7. Baker filed a notice of appeal of the sanctions order on August 20, 2014.

## Discussion

### *Standard of Review*

This Court reviews a bankruptcy court's legal conclusions *de novo*, and findings of fact for clear error. *See Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir. 1997). "All aspects of the bankruptcy court's Rule 9011 determination are subject to an abuse of discretion standard." *In re 1095 Commonwealth Corp.*, 236 B.R. 530, 535 (D. Mass. 1999) (observing that "the abuse of discretion standard is 'indistinguishable' from the clearly erroneous standard."). Appellate review of a sanctions order is deferential because "the decision about whether a litigant's (or lawyer's) actions merit the imposition of sanctions is heavily dependent upon the [trial] court's firsthand knowledge of the case and its nuances." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir.

1992). Thus, a party appealing a sanctions order "bears a formidable burden in attempting to convince the [reviewing court]" that the trial court erred. *Id.*

*Analysis*

Judge Hoffman sanctioned Mr. Baker for two misrepresentations of legal authorities made in the course of Hoover's bankruptcy proceedings. First, Judge Hoffman found that in the debtor's motion for sanctions against Bank of America, *see* Bankruptcy Court Docket, Entry No. 41, Baker misstated the legal standard for when a creditor willfully violates an automatic stay. *See* Sanctions Order, at 4. Second, Judge Hoffman found that in the debtor's objection to the U.S. Trustee's motion to convert or dismiss, *see* Bankruptcy Court Docket, Entry No. 30, Baker selectively misquoted the statutory definition of "cash collateral" for his client's benefit. *See* Sanctions Order, at 4-5.

This Court has reviewed the filings in the underlying bankruptcy proceedings, the relevant legal authorities, the sanctions order, and the briefs on appeal, and finds that the Bankruptcy Court did not abuse its discretion in sanctioning Mr. Baker. Rule 9011 of the Federal Rules of Bankruptcy Procedure provides:

> (b) *Representations to the Court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
>
> *       *       *
>
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law.
>
> *       *       *
>
> (c) *Sanctions*. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011 (b) & (c). An argument "is not warranted by existing law if it is based on legal theories that are plainly foreclosed by well-established legal principles and authoritative precedent, unless the pleading *plainly* argues for a reversal or change of law and presents a nonfrivolous argument to support that position." *In re CK Liquidation Corp.*, 321 B.R. 355, 362 (B.A.P. 1st Cir. 2005) (emphasis added). Furthermore, "[a]n argument for an extension or modification of existing law is frivolous if no reasonable argument can be advanced." *Id.* at 364.

With respect to the first ground for sanctions, Baker does not dispute that paragraph 8 of the debtor's motion for sanctions against Bank of America misstates the law regarding the standard for willful violations of an automatic stay.[1] Instead, he argues on appeal that the Bankruptcy Court ignored paragraph 9 of his motion, which makes a nonfrivolous argument for the extension or modification of existing law. Paragraph 9, in its entirety, reads:

> 9.     The cases cited in the previous paragraph held, in essence, that a single continuance of a foreclosure sale is not a stay violation *so long as* the creditor seeks relief from the stay prior to the sale date. However, Judge Hillman's holding in Heron Pond was based on "the obscurity of the prevailing legal rule (at least prior to this decision)". That decision was about 13 years ago, and the Lynn-Weaver decision was 6 years ago. The "prevailing legal rule" is no longer obscure. *See also* In re Derringer, 375 BR 903 (10th Cir. BAP, 2007).

*See* Motion for Sanctions Against Bank of America, Bankruptcy Court Docket, Entry No. 41, at ¶ 9. This language is a description of what Mr. Baker was representing *to be* existing law. It cannot reasonably be interpreted as a nonfrivolous argument for a *change* in the law, let alone one that is made "plainly." *See In re CK Liquidation Corp.*, 321 B.R. at 362. Therefore, the

---

[1] Paragraph 8 reads:

> "Where a creditor has notice, continuation of a mortgage foreclosure sale post-petition, without obtaining relief from the automatic stay, is a willful violation. *See* In re Lynn-Weaver, 385 BR 7 (Bkrtcy.D.Mass. 2008), *citing* In re Heron Pond, LLC, 258 BR 529 (Bkrtcy. D. Mass. 2001) (both by Hillman, J.); Hart v. GMAC Mortgage Corp., 246 BR 709 (Bkrtcy.D.Mass. 2000) (Feeney, J.)."

*See* Motion for Sanctions Against Bank of America, Bankruptcy Court Docket, Entry No. 41, at ¶ 8.

Bankruptcy Court did not clearly err in determining that Baker violated Rule 9011 by making an unwarranted legal contention in the debtor's motion for sanctions.

Regarding the second ground for sanctions, Baker argues on appeal that he merely paraphrased the statutory definition of "cash collateral" and omitted needless words. This argument is belied by a comparison of Baker's language and the statutory language. In the debtor's objection to the motion to convert or dismiss, Baker argued that his client did not need to obtain authority to use the estate's cash collateral from the Bankruptcy Court or creditors, because the statute only prohibits the use of cash or other property subject to a *consensual* lien. *See* Objection to Motion to Convert or Dismiss Case, Bankruptcy Court Docket, Entry No. 30, at ¶ 12. Thus, according to Baker, because the Massachusetts Department of Revenue had a lien on the property that was only *statutory*, Hoover was not subject to the requirements of 11 U.S.C. § 363. *Id.* Baker wrote:

> 12.    Under §363(a), "cash collateral" means cash or other property "subject to a security interest as provided in section 552(b)…". In turn, §552(b) defines the relevant security interest as being based on "a security agreement" that the debtor and the allegedly secured party "entered into … before the commencement of the case…". In other words, the lien at issue must be a <u>consensual</u> lien.

*Id.* But here is the full definition of "cash collateral" under 11 U.S.C. § 363(a), with the words Baker omitted italicized:

> "[C]ash collateral" means cash, *negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired <u>in which the estate and an entity other than the estate have an interest</u> and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties* subject to a security interest as provided in section 552(b). . . .

11 U.S.C. § 363(a) (emphasis added).

The emphasized language makes plain that "cash collateral" means cash and other specified assets "in which the estate and an entity other than the estate have an interest." This is

broader than, and includes, the subsequent list of assets subject to a consensual lien. Accordingly, the words Hoover omitted are not needless. As Judge Hoffman observed, Baker selectively quoted the statute in a way that erroneously narrows the definition of cash collateral, excluding statutory liens from the requirement to obtain authority for using such assets. This erroneous interpretation would, of course, have benefitted Baker's client. Had Baker fully quoted the statutory definition of "cash collateral," the flaw in his argument would have been obvious. Nothing more is needed for this Court to determine that the Bankruptcy Court did not abuse its discretion in sanctioning Baker for surreptitiously misquoting the statutory definition of cash collateral.

Nor is there clear error in the type of sanction imposed. Mr. Baker has been sanctioned for similar misconduct in the past and not been deterred by monetary penalties. Consequently, the Bankruptcy Court did not abuse its discretion in ordering Mr. Baker to enroll in and attend in person a one semester, minimum three-credit hour class on legal ethics or professional responsibility in an ABA accredited law school. *In re Hermosilla*, 2011 WL 6034487, at *9 (B.A.P. 1st Cir. Nov. 14, 2011) (noting that "[c]ourts have discretion to tailor sanctions to the particular facts of the case"). Baker has not met the formidable burden required to overcome the broad discretion afforded to the Bankruptcy Court in fashioning Rule 9011 sanctions.

## Conclusion

For the foregoing reasons, the order of the Bankruptcy Court is ***affirmed***.


**SO ORDERED.**

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE